Jonas V. Anderson, VA SB #78240
Acting Assistant United States Trustee
P. Rebecca Kamitsuka, OSB #933261
Trial Attorney
U.S. Department of Justice
Office of the United States Trustee
405 E. 8th Ave., Ste. 1100
Eugene, OR 97401-2706
Telephone (541) 465-6330
Email USTPRegion18.EG.ECF@usdoj.gov

Attorneys for Gregory M. Garvin
Acting United States Trustee for Region 18

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Illinois Valley Golf Association, Inc.,<br><br>Debtor. | Case No. 20-60152-tmr11<br><br>UNITED STATES TRUSTEE'S MOTION TO CONVERT CHAPTER 11 CASE TO CASE UNDER CHAPTER 7 OR DISMISS CASE<br><br>**EXPEDITED CONSIDERATON REQUESTED** |

### Certification for Expedited Consideration Pursuant to Rule 7007-1(c)

On March 10, 2020, the UST conferred with Debtor's proposed counsel of record, Rodolfo Camacho regarding the UST's request for expedited consideration on the UST's Motion to Convert or Dismiss ("Motion") the above-referenced case. The Debtor does not oppose expedited consideration so long as a hearing on this matter is not scheduled on March 16, 2020 or March 17, 2020 due to Mr. Camacho's prior commitments. Counsel Nathan Harpham on behalf of creditor Robert Lewis, successor trustee of the Kenneth & Patricia Lewis Trust, u/t/d/ November 21, 2000 ("Creditor"), also does not oppose expedited consideration.

Page 1 of 5 - UNITED STATES TRUSTEE'S MOTION TO CONVERT CHAPTER 11 CASE TO CASE UNDER CHAPTER 7 OR DISMISS CASE - **EXPEDITED CONSIDERATON REQUESTED**

Case 20-60152-tmr11    Doc 36    Filed 03/11/20

## Motion

The Acting United States Trustee, Gregory M. Garvin ("UST"), through his attorney P. Rebecca Kamitsuka, moves this court for an order converting the above-referenced case to one under chapter 7 or in the alternative, dismissal for "cause" because Illinois Valley Golf Association, Inc. ("Debtor") has failed to maintain appropriate insurance that poses a risk to the estate and/or to the public. 11 U.S.C. § 1112(b)(4)(C). At Debtor's meeting of creditors held on February 26, 2020, Debtor gave sworn testimony that its business has no employees or payroll and is solely operated by volunteers. On March 5, 2020, the UST received confirmation from Debtor's insurers that the Debtor does not have insurance coverage for direct injury to a volunteer or for property damage to the Debtor's premises arising from a volunteer's capacity working for the Debtor. (Exhibit #1). Accordingly, expedited consideration is necessary because the Debtor doesn't have appropriate insurance to protect the estate and/or the public.

## Factual Background

The Debtor filed a voluntary small business chapter 11 petition on January 23, 2020. No trustee has been appointed in this case. The United States Trustee was not able to form a committee of unsecured creditors in this case.

The Debtor's business is a golf course situated on 7 tax lots on approximately 60 acres located at 25320 Redwood Highway, Cave Junction, OR. *See* www.ivgolfclub.com. The golf course includes a club house, maintenance and equipment sheds, restaurant and appliances, golfing and maintenance equipment including tractors, golf carts and mowers, and various furniture and office equipment. It is located next to the Illinois River, a tributary of the Rogue River in Southern Josephine County, and has recorded water rights, a pond and three wells.

The UST has made numerous attempts to obtain proof that the Debtor has appropriate

Page 2 of 5 - UNITED STATES TRUSTEE'S MOTION TO CONVERT CHAPTER 11 CASE TO CASE UNDER CHAPTER 7 OR DISMISS CASE - **EXPEDITED CONSIDERATON REQUESTED**

Case 20-60152-tmr11    Doc 36    Filed 03/11/20

insurance to protect the estate and the public. A timeline of the UST's attempts is as follows:

1. On January 28, 2020, the UST sent an email to Mr. Camacho requesting proof of Debtor's insurance.

2. On January 29, 2020, Mr. Camacho emailed a copy of an unsigned "insurance binder" which did not have sufficient information to ascertain whether Debtor had appropriate insurance coverage.

3. On January 30, 2020, UST Analysis Jim Files reported that he requested ACORD statements from the Debtor at the Initial Debtor Interview ("IDI") and instructed that such coverages must list the UST as loss payee. The same day, the UST emailed Mr. Camacho requesting ACORD statements and asked if the Debtor had an insurance premium finance contract or agreement.

4. On February 7, 2020, the UST sent a follow-up email to Mr. Camacho requesting ACORD statements and a response to the UST's inquiry about a insurance premium finance contract, if any.

5. On February 21, 2020, the UST emailed Mr. Camacho requesting missing ACORD statements and, again and reminded him that failure to promptly produce such proof constituted grounds to dismiss or convert the case to chapter 7 under Section 1112(b).

6. On February 25, 2020, the UST emailed Mr. Camacho with a copy of the Order of Designation (Doc. #7) and advised that the BR 2015 January MOR 2020 due on February 21, 2020, had not be filed and the UST still did not have proof of appropriate insurance. The UST requested the Debtor's BR 2015 January 2020 MOR be filed and the ACORD statements be delivered to the UST at the 341(a) set for February 26, 2020.

7. On February 26, 2020, the Debtor brought an ACORD Liability Statement and four

Page 3 of 5 - UNITED STATES TRUSTEE'S MOTION TO CONVERT CHAPTER 11 CASE TO CASE UNDER CHAPTER 7 OR DISMISS CASE - **EXPEDITED CONSIDERATON REQUESTED**

Case 20-60152-tmr11    Doc 36    Filed 03/11/20

insurance policies to the meeting of creditors. Mr. Camacho advised that the January 2020 MOR would be filed by the end of the day. To date, the Debtor has not filed its BR 2015 report as ordered by the Court. (Doc. #7). 11 U.S.C. §§ 1112 (b)(4)(E) and (F).

8. On March 2, 2020, the UST reviewed Debtor's ACORD Liability Statement and contacted Debtor's named insurance agent, CB Fralich ("Agent") by phone. Immediately thereafter, the UST sent a confirming email to the Agent that Debtor's Worker's Compensation insurance coverage does not insure "volunteers" working for the Debtor, or provide coverage under the general liability policy for damage caused by volunteer(s) to the Debtor's property.

9. On March 6, 2020, the UST received written confirmation from the Agent that the Debtor's insurance policy does not cover volunteers if they are injured and/or damage to the Debtor's property arising from the volunteer(s)' actions. (Exhibit #1).

10. On March 10, 2020, Debtor's counsel advised the UST that the Debtor still has volunteers operating Debtor's business and they are still uninsured.

## Legal Analysis

The court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 2100-1 of the United States District Court for the District of Oregon. This matter is a core proceeding as defined by 28 U.S.C. §§ 157(b)(2)(A) and (O). Pursuant to 11 U.S.C. § 307, the UST may raise, appear, and be heard on any issue in any case or proceeding under Title 11.

Section 1112(b) of the Bankruptcy Code provides that the court shall convert a chapter 11 case to one under chapter 7 or dismiss a chapter 11 case, whichever is in the best interest of creditors and the estate, if the movant establishes "cause." The Bankruptcy Abuse and Consumer Protection Act of 2005 ("BAPCPA") expanded the definition of "cause" for relief under § 1112(b)

Page 4 of 5 - UNITED STATES TRUSTEE'S MOTION TO CONVERT CHAPTER 11 CASE TO CASE UNDER CHAPTER 7 OR DISMISS CASE - **EXPEDITED CONSIDERATON REQUESTED**

Case 20-60152-tmr11    Doc 36    Filed 03/11/20

and limited the court's discretion under section 1112(b) once the movant establishes cause. See 11 U.S.C. §§ 1112(b)(1), (b)(2). Prior to BAPCPA, section 1112(b) provided that a court "may" convert or dismiss a chapter 11 case for cause. *See In re Prods. Int'l Co.,* 395 B.R. 101, 108 (Bankr. D. Ariz. 2008).

Section 1112(b) includes a non-exhaustive list of examples of "cause" for the dismissal or conversion of a chapter 11 case. 11 U.S.C. § 1112(b)(4); *see In re Consolidated Pioneer Mortg. Entities*, 248 B.R. 368 (9th Cir. BAP 2000) (the list of cause in section 1112(b) is illustrative rather than exhaustive). Cause exists to convert or dismiss this case because the Debtor's failure to maintain appropriate insurance poses a risk to the estate and/or to the public.

Pursuant to § 1112(b)(1), once cause has been established, the court must determine whether conversion or dismissal is "in the best interests of creditors and the estate." *In re Owens*, 552 F.3d 958, 959 (9th Cir. 2009). Here, Debtor's Summary of Assets and Liabilities for Non-Individuals reported that: a) The Summary of Assets include real property with a value of $1,000,000 and its personal property with a total value of $47,400; and b) The Summary of Liabilities include secured claims totaling $358,070.80 and nonpriority unsecured claims of $11,082. (Doc. #1). Based on Debtor's reported information, the UST asserts that conversion to chapter 7 is in the best interests of creditors as there appear to be assets available for administration to creditors.

DATED this 10th day of March 2020.

Respectfully submitted,

GREGORY M. GARVIN
Acting United States Trustee


*/s/ P. Rebecca Kamitsuka*
P. REBECCA KAMITSUKA, OSB #933261
Attorney for the United States Trustee

Page 5 of 5 - UNITED STATES TRUSTEE'S MOTION TO CONVERT CHAPTER 11 CASE TO CASE UNDER CHAPTER 7 OR DISMISS CASE - **EXPEDITED CONSIDERATON REQUESTED**

Kamitsuka, P. Rebecca (USTP)
___

| | |
|---|---|
| **From:** | CB Fralich <CFralich@hartinsurance.com> |
| **Sent:** | Friday, March 6, 2020 2:23 PM |
| **To:** | Kamitsuka, P. Rebecca (USTP) |
| **Cc:** | Julie Maphet |
| **Subject:** | FW: Certificate of insurance |
| **Importance:** | High |

Hi Rebecca,

I have followed up with Saif regarding our conversation concerning injury to volunteers arising out of the course of their volunteer activity. Saif has confirmed that they do not cover injury to volunteer workers in for profit businesses and do not have the ability to endorse a policy to cover this exposure.

The volunteers are however described as an insured on the General Liability form extending coverage afforded to the Golf Association. Again, as discussed, this coverage would not be for direct injury to the volunteer (work comp exposure) or for property damage to the insureds premises arising from a volunteers capacity in the repair or maintenance of the premises.

Please let me know if you need further clarification.

Thanks,

**C.B. Fralich, CIC**

*Hart* INSURANCE

Commercial Lines Department
P: (541) 479-5521
F: (541) 474-1890

This electronic message may contain information that is privileged, confidential or otherwise protected from disclosure to anyone other than its intended recipient(s). Any dissemination or use of this electronic message or its contents by persons other than the intended recipient(s) is strictly prohibited, and may be unlawful. If you have received this electronic transmission in error, please reply immediately to the sender so that we may correct our internal records, and then delete the original message.

**From:** Kamitsuka, P. Rebecca (USTP) <Becky.Kamitsuka@usdoj.gov>
**Sent:** Friday, March 6, 2020 8:50 AM
**To:** Julie Maphet <JMaphet@hartinsurance.com>; Files, Jim (USTP) <Jim.Files@usdoj.gov>
**Cc:** Anderson, Jonas V. (USTP) <Jonas.V.Anderson@usdoj.gov>; Kamitsuka, P. Rebecca (USTP) <Becky.Kamitsuka@usdoj.gov>
**Subject:** RE: Certificate of insurance
**Importance:** High

Dear Ms. Maphet:

Illinois Valley Golf Association, Inc. informed our office that they don't have employees and they are operating with "volunteers". Do any of their insurance policies cover "volunteers" working at the golf course as

1

UST EXHIBIT 1 of 2

"insureds"? If the answer is yes, I would appreciate it if you would please direct me to the policy provision and amount of coverage(s).

Thank you.

Respectfully,

**P. Rebecca Kamitsuka**
Attorney for the United States Trustee
U.S. Department of Justice
Office of the United States Trustee
405 E. 8th Avenue, Suite 1100
Eugene, OR 97401-2706
Direct: 541-465-6471
Main: 541-465-6330
Fax: 541-465-6335

This message and any attachments are intended only for addressee and may contain information that is privileged, "Limited Official Use," or "Sensitive But Unclassified." If the reader of the message is not the intended recipient, then any dissemination of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to this e-mail message or by telephone at the number above, and delete the message and any attachments from your system. Thank you.

---

**From:** Julie Maphet <JMaphet@hartinsurance.com>
**Sent:** Thursday, March 5, 2020 11:13 AM
**To:** Files, Jim (USTP) <Jim.Files@UST.DOJ.GOV>
**Cc:** Kamitsuka, P. Rebecca (USTP) <Becky.Kamitsuka@UST.DOJ.GOV>; Anderson, Jonas V. (USTP) <Jonas.V.Anderson@UST.DOJ.GOV>
**Subject:** Certificate of insurance

Attached is the certificate of insurance you requested for Illinois Valley Golf Association Inc. Please let me know if you have any questions.

Thank you,

**Julie Maphet, CIC**



Commercial Lines Department
P: 541.479.5521
F: 541.474.1890

This electronic message may contain information that is privileged, confidential or otherwise protected from disclosure to anyone other than its intended recipient(s). Any dissemination or use of this electronic message or its contents by persons other than the intended recipient(s) is strictly prohibited, and may be unlawful. If you have received this electronic transmission in error, please reply immediately to the sender so that we may correct our internal records, then delete the original message.

## CERTIFICATE OF SERVICE

I, P. Rebecca Kamitsuka, hereby certify as follows:

1. On March 10, 2020, the attached document was served on the persons shown below by depositing a true copy thereof, in a sealed envelope with First-Class postage prepaid and addressed as shown below, in the U.S. Mail, at Eugene, Oregon.

| NONE | |
|---|---|

2. Based on the Bankruptcy Court's Electronic Case Filing records, the following person(s) should be served electronically when the attached document is filed with the Court:

- Anthony V Albertazzi   a.albertazzi@albertazzilaw.com
- Rodolfo A. Camach   rudy@camacholaw.com; rudy.camacho@gmail.com; r58952@notify.bestcase.com
- US Trustee, Eugene    USTPRegion18.EG.ECF@usdoj.gov

*/s/ P. Rebecca Kamitsuka*
P. REBECCA KAMITSUKA, OSB #933261
Attorney for United States Trustee

**Page 1 of 1** – Certificate of Service